The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Does 22 O.S. 345 [22-345] (1971) prohibit convening a grand jury if a county school bond election is scheduled contemporaneously therewith: Title 22 O.S. 345 [22-345] (1971) provides: "No grand jury shall be convened or remain in session during a period beginning thirty (30) days before any primary, runoff primary, or general election, for State or County Offices, and ending ten (10) days after such primary, run-off primary, or general election. Any grand jury in session at the commencement of any such period shall be discharged forthwith." (Emphasis added). The above provision specifically prohibits and restricts grand jury sessions before and after elections for state or county offices within the periods designated. A school bond election is not an election for a state or county office thus, if called contemporaneously with the convening of a grand jury such would not require the discharge of the grand jury. When the language of a statute is plain, unambiguous, and clear, no room exists for the operation of rules of construction. McVicker v. Board of County Commissioners of Caddo County, Okla.,442 P.2d 297 (1968). There is nothing contained in 22 O.S. 345 [22-345] (1971) indicating an application thereof to elections other than for state or county offices. It is, therefore, the official opinion of the Attorney General that restrictions on grand jury sessions before and after elections apply only to primary, run-off primary, or general elections for state or county offices. 22 O.S. 345 [22-345] (1971). (MICHAEL JACKSON) (ksg)